## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ANTHONY GRAY**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 15-0826-SDD-EWD**

**JEFF WINGHAM, WARDEN, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 1, 2019.

 

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY GRAY                                              CIVIL ACTION

VERSUS                                                    NO. 15-0826-SDD-EWD

JEFF WINGHAM, WARDEN, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the application of Petitioner Anthony Gray ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's application should be denied as untimely. There is no need for oral argument or for an evidentiary hearing.

### I. Procedural History

On September 25, 2006, Petitioner was charged via a bill of information in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana with aggravated incest.[1] After a trial by jury in May 2010, Petitioner was found guilty. Upon the denial of a Motion for New Trial, on August 6, 2010, the trial judge sentenced Petitioner to fifteen years at hard labor with credit to be given for time served.[2]

Petitioner pursued a direct appeal arguing that his fifteen-year sentence was unconstitutionally excessive. On May 6, 2011, the Louisiana Court of Appeal for the First Circuit ("First Circuit") affirmed Petitioner's conviction and sentence.[3] On June 6, 2011, Petitioner filed a request for extension of time to file his writ application with the Louisiana Supreme Court but mistakenly filed this request in the First Circuit. The First Circuit notified Petitioner of this error on June 9, 2011. On approximately June 28, 2011, Petitioner appears to have forwarded his request

---

[1] Trial Record, p. 169. A charge of molestation of a juvenile was later added, but subsequently dropped, leaving aggravated incest as the only charge.
[2] Trial Record, p. 152.
[3] *State v. Gray*, 2010-2161 (La. App. 1st Cir. 5/6/11), 2011 WL 2639575.

for an extension to the Louisiana Supreme Court.[4] The Louisiana Supreme Court denied review of Petitioner's application without comment on April 9, 2012.[5]

On May 24, 2013, Petitioner filed his first application for post-conviction relief in the state trial court. Therein, Petitioner asserted the following grounds for relief: (1) ineffective assistance of counsel, (2) "conflict on bill of info and witness/alleged victim," and (3) disproportionate sentence. On January 31, 2014, the trial court denied Petitioner's application for post-conviction relief. Petitioner did not seek review of this ruling; rather, he filed a second application for post-conviction relief in the trial court on April 29, 2014 asserting that the conviction was obtained in violation of both the Louisiana and United States Constitutions and that the statute "creating the offense for which I was convicted and sentence [sic] is unconstitutional." On August 4, 2014, the trial court denied the second application for post-conviction relief as successive and untimely. Thereafter, Petitioner sought review of the denial of his second application for post-conviction relief with the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court, both of which denied review.

On December 7, 2015, Petitioner filed the instant application for writ of habeas corpus wherein he asserts the following grounds for relief: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) unconstitutionally empaneled jury, and (4) defective bill of information.[6]

---

[4] The only information in the record on this point is a copy of an envelope to the First Circuit postmarked June 6, 2011 on the same page as an envelope to the Louisiana Supreme Court postmarked June 28, 2011.
[5] *State v. Gray*, 2011-1466 (La. 4/9/12), 85 So. 3d 135.
[6] The grounds for relief listed in the instant application for writ of habeas corpus contain a mixture of claims from both Plaintiff's first and second applications for post-conviction relief in state court.

## II.     Timeliness

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody.  This limitations period begins to run on the date upon which the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[7]  If a petitioner stops the direct appeal process before proceeding through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[8]  After a petitioner has proceeded through all stages of direct appellate review in the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court.  As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is made, upon the conclusion of the 90-day time period for seeking such review.[9]

For purposes of determining whether a habeas petition is untimely, the federal limitations statute provides that the time during which a subsequent "properly filed" application for state post-conviction or other collateral review is thereafter "pending" in the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.[10]  As a corollary to this rule, any time during which there are no properly filed post-conviction or collateral review proceedings pending before the state courts does count toward the passage of the one-year period.  To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules

---

[7] 28 U.S.C. § 2244(d)(1)(A).
[8] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[9] *See id.*
[10] 28 U.S.C. § 2244(d)(2).

3

governing filings.[11]  A state post-conviction relief application is considered to be "pending" (1) while it is before a state court for review and also (2) during the interval of time after a lower state court's disposition of an application (thirty days in the State of Louisiana, unless an *allowable* extension is granted) while the petitioner is procedurally authorized by state law to file a timely application for further appellate review at the next level of state consideration.[12]

While *Melancon v. Kaylo* held that an untimely writ application filed before the intermediate appellate court is "properly filed" and "pending," even though untimely, because it requires "some level of judicial review," an untimely writ application before the Louisiana Supreme Court is not subject to such review.[13]  Rule X provides that a writ application before the Louisiana Supreme Court, "shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal" and, further, that "[n]o extension of time therefor will be granted."  As a result, the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not seen to be "properly filed" and is therefore not "pending" before that court.[14]

Here, Petitioner's untimely writ application in the Louisiana Supreme Court never interrupted the running of the limitations period.[15]  Thus, this Court is required to count against

---

[11] *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[12] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).
[13] *See* Louisiana Supreme Court Rule X, § 5(a).
[14] *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (finding that no exceptions and no examination are contemplated by Louisiana Supreme Court Rule X § 5(a) and, therefore, that compliance with the time requirement is necessary for a prisoner's application for post-conviction relief to be considered "properly filed" and "pending" under section 2244(d)(2)). *See also Jenkins v. Cooper*, 07-216, 2009 WL 1870874, *5 (E.D. La., June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court because "[a] writ application which fails to comply with La. S.Ct. Rule X § 5(a) is not properly filed because it is untimely, and it is not pending post-conviction review for purposes of the ... statute of limitations and tolling doctrines").
[15] *Williams*, 217 F.3d at 308.  Although Petitioner's application for review to the Louisiana Supreme Court is not contained in the record, the following information causes the undersigned to conclude his application was untimely: 1) his request for extension to file his application with the Louisiana Supreme Court was not even mailed to the First Circuit until June 6, 2011 (the last date to seek review in the Louisiana Supreme Court); 2) the June 28, 2011 postmark on the envelope to the Louisiana Supreme Court copied on the same page as the envelope dated June 6, 2011 suggests

4

the time clock the period between June 6, 2011,[16] the last day afforded Petitioner to seek timely review in the Louisiana Supreme Court from the denial of his direct appeal at the First Circuit, and May 24, 2013, the filing of Petitioner's first application for post-conviction relief, which is the next date of any action by Petitioner that had the potential to toll the one-year time limit for filing in federal court. This results in 718 days of un-tolled time. Accordingly, more than a year elapsed during which Petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and Petitioner's writ of habeas corpus in this Court is untimely.

Having found Petitioner's application to be untimely, this Court must dismiss the same pursuant to 28 U.S.C. § 2244(d) unless he can establish that he is entitled statutory tolling of the limitations period under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[17] Petitioner has made no such showing in this case. Accordingly, there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling under this section.

Nor is there any basis in the record for equitable tolling in this case. It is the petitioner's burden to demonstrate that equitable tolling is warranted.[18] The one-year federal limitations period

---

that Petitioner forwarded his request for extension to the Louisiana Supreme Court that date; 3) Louisiana Supreme Court Rule X provides that the time period for filing an application cannot be extended; and 4) the August 29, 2013 Commissioner's Recommendation with regard to Petitioner's first application for post-conviction relief notes that, "Petitioner filed an untimely writ which was denied on 4/9/12."

[16] Petitioner had thirty days to seek review with the Louisiana Supreme Court, which date was June 5, 2011. However, this date fell on a Sunday, which is a legal holiday, and accordingly, Petitioner had until the following day to file.

[17] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

[18] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

5

is subject to equitable tolling only "in rare and exceptional circumstances."[19] The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[20]

Generally, a litigant seeking equitable tolling bears the burden of establishing the following two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[21] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[22] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[23] Further, equitable tolling "is not intended for those who sleep on their rights."[24] Thus, a federal habeas petitioner is required to act with diligence[25] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts.[26]

Here, Petitioner has not made any arguments regarding equitable tolling. Even if Petitioner sought to be relieved of the untimeliness of his habeas petition through equitable tolling, it appears Petitioner was merely unknowledgeable about the time limitations for filing actions, Louisiana Supreme Court rules for filing, and requirements for tolling. As mentioned, ignorance of the law

---

[19] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).
[20] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[21] *Pace*, 544 U.S. at 418.
[22] *Id. quoting In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[23] *Tate v. Parker*, 439 F. App'x. 375, 376 (5th Cir. 2011) *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[24] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).
[25] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).
[26] *See Ramos v. Director*, 6:09cv463, 6:09cv477, 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).

and lack of knowledge of filing deadlines is not an excuse and not considered an extraordinary circumstance. From a document entitled "Response to Louisiana Supreme Court Ruling," which is attached to Petitioner's application for writ of habeas corpus, it appears that Petitioner's excuses for late filing with the Louisiana Supreme Court are that he was transferred to a new facility forcing him to make requests for assistance in a new law library[27] and that he was given the incorrect address to the Louisiana Supreme Court. These arguments are not persuasive.

First, Petitioner's transfer to a new facility, where he chose to wait for legal assistance prior to drafting filings, is not an extraordinary circumstance warranting application of equitable tolling.[28] Further, there is no constitutional right to assistance, from an attorney or otherwise, in post-conviction proceedings.[29] As Petitioner was not entitled to assistance in drafting his legal pleadings to the Louisiana Supreme Court, the fact he chose to wait for such assistance, rather than timely file pleadings, is also not an extraordinary circumstance.

Finally, Plaintiff also argues he was given the incorrect address to the Louisiana Supreme Court. In fact, Plaintiff addressed and mailed to the First Circuit his June 6, 2011 request for an extension of time to file his application to the Louisiana Supreme Court, so he likely should have known mailing a document to the First Circuit was not the same as mailing to the Louisiana Supreme Court. Additionally, under Louisiana Supreme Court Rule X, extensions of time to file writ applications are not permitted. These errors are based on the lack of knowledge that the Fifth

---

[27] In this document Plaintiff does not argue that he was not aware of the First Circuit's decision; rather, he argues that once at the new facility, on May 13, 2011, he filed requests "for assistance with the law library for the next two weeks." He further states that "around the first of June 2011 another inmate advised the Petitioner to ask the Louisiana Supreme Court to review his case. The Petitioner was given the wrong address to the Louisiana Supreme Court."

[28] *See U.S. v. Freeman*, 06-30011-01 (W.D. La. April 4, 2008), 2008 WL 2051759 (wherein the Western District held that multiple transfers between facilities did not warrant equitable tolling).

[29] *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) (there is no right to an attorney in post-conviction proceedings, and where there is no right, there cannot be ineffective assistance). *See also Gonzales v. Wilkinson*, 269 F. App'x. 481, 486 (5th Cir. 2008) (wherein lack of assistance, even for a *pro se* prisoner who did not fully comprehend English, was not considered an extraordinary circumstance so as to warrant equitable tolling).

7

Circuit has held does not rise to the level of an extraordinary circumstance warranting equitable tolling.[30]

Accordingly, equitable tolling is not warranted in this matter and Petitioner's untimely application for habeas corpus relief should be dismissed.

### III. Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[31] Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[32] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[33] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[34] In the instant case, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the procedural ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

---

[30] *See U.S. v. Kirkham*, 367 F. App'x 539, 543 (5th Cir. 2010) (wherein the Fifth Circuit held that mailing a pleading to the incorrect court was a clerical error, which was "at best, a 'garden variety' claim of excusable neglect, which is insufficient to justify application of the doctrine of equitable tolling").
[31] 28 U.S.C. § 2253(c)(1)(A).
[32] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[33] 28 U.S.C. § 2253(c)(2).
[34] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

8

## IV.     Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief be **DENIED** as untimely and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on March 1, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**